# EXHIBIT A

6/11/03

///

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

Adam Ingles, Shawn Davis, Ed Sykes, Miguel
Roman, Al Smith, Charles Paige, Jamal Butler, Andre
Pratt, Robert Allaway, Patrick Washington, Randolph
Johnson, Rogelio Figueroa, Paul Person, Calvin
Daniels, Bobby Jones, Phillip Campbell, Jonathan
Lukes, Lamont Bradley, Gary Smith, Darold
Freeman, Eric Richards and Kimada Dixon,

                              Plaintiffs,

                   -against-

Elmer Toro, Robert Dash, Robert Davoren, William
Fraser, Steven Conry, Bernard Kerik, Officers
Caldero, Lanausse, Gray, Givens, McConnon, Rivera,
McKeller, Roberts, Natale, Elliott, Kramer, Cox,
Guarneri, Williamson, Graham, Smalls, Powell,
Torres, Echiveria, Clark, Hershaway, Dice, Lewis,
Yates, Swetokas, Mastroainni, Straughn, Wells,
Lopez, Vasquez, Fernandez, Case, Wright, Fisher,
Gatto, Bradford, Lamont, Valentine, Chapman, Keith
Jackson, R. Jackson, Rivera, Kinder, Dedicke,
Anderson and John Does 1-15, 17-44, 49-52, 56-62,
and 66-75, Captains Alicia, Sullivan, Cardo, Small,
Wright, Velez, Hayes, Mulvaney, Hernandez,
Gallagher, Crooms, Ramos, Perez, Daniels, and John
Does 16, 46-48, 53-55, 63 and 65, Assistant Deputy
Warden Pennes, Wardens Gerard O'Gara and Roger
Slattery, and the City of New York,

                              Defendants.
-----------------------------------------------------------X

**PROTECTIVE ORDER**

01 Civ. 8279 (DC)

        WHEREAS, plaintiffs[1] have requested that the City of New York provide certain

information and disclose documents in connection with this litigation; and

        WHEREAS, defendants deem certain information and documents confidential; and

---

[1] As used herein the term "plaintiffs" includes all members of the plaintiff class.

WHEREAS, defendants believe that revealing certain information and the contents of certain documents to the plaintiffs and others poses risks to the institutional safety and security of the New York City Department of Correction ("DOC"), implicates the privacy interests of correction officers, and is necessary to protect individuals from annoyance, embarrassment and oppression; and

WHEREAS, defendants object to the disclosure of this information and production of these documents unless appropriate protection for their confidentiality is assured (without waiving the objections set forth in City defendants' discovery responses or any future objections);

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.     As used herein, "Confidential Materials" shall mean:

(a)  all DOC employees' home addresses, telephone numbers, social security numbers, dates of birth, worker's compensation records and medical records unrelated to any alleged or actual use of force against an inmate; and

(b)  all DOC employees' personnel records files and information relating to their employment histories; and

(c)  "22R Reports" (that relate to individual employment histories) performance evaluations, pre-employment information, background information/checks and probationary officer files; and

(d)  photographs, videotapes, and diagrams showing DOC facilities and staff; and

(e)  all documents that concern the location of stationary video cameras in Department of Correction facilities; and

(f)  information obtained as a result of a physical inspection of DOC facilities that would breach safety and security of the facilities; and

(g) DOC Log Books to the extent that they reflect detailed information of movement of staff and inmates); and

(h) security reports, security information, training materials, memoranda and other writings setting forth agency policy and procedures, to the extent that these documents provide specific operational guidance to DOC staff that, if disclosed, would jeopardize the safety and security of DOC staff or prisoners; and

(i) all DOC employees' disciplinary records/files/histories and documents reflecting uses of force, allegations of misconduct and charges and specifications; and 

(j) "quarterly reports," "force monitoring reports," "24-hour" ("CCC") reports, "violent and/or unusual incident" reports and all summaries, tabulations or compilations of data that name or otherwise identify individual DOC staff members in connection with allegations of improper uses of force/chemical agents or other misconduct; and

(k) "Investigation/Trials Division case tracking documents," "Investigation Division records," "Use of Force Reports," "Directive 5003 records" and all similar records that name or otherwise identify individual DOC staff members in connection with allegations of improper uses of force/chemical agents or other misconduct; and

(l) "Adjudication and Gang Intelligence Unit" documents that name or otherwise identify individual DOC staff members in connection with allegations of improper uses of force/chemical agents or other misconduct; and

out only to the extent that such documents

-1-

*but only to the extent that such documents*

(m) "TTTP Lookup results" and similar documents that name or otherwise identify individual DOC staff members in connection with allegations of improper uses of force/chemical agents or other misconduct.

Documents and information shall not be deemed "Confidential Materials" to the extent, that they are: (i) obtained by plaintiffs' counsel from sources other than defendants, or (ii) are otherwise publicly available.

2.    In addition to the above, the defendants may further designate in good faith particular documents as "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by title, Bates number or other method reasonably calculated to give plaintiffs notice of the confidentiality designation, in a writing directed to plaintiffs' counsel. The defendants reserve the right to designate any documents confidential pursuant to this agreement if necessary after production of such documents to plaintiffs' counsel.

3.    If plaintiffs' counsel object to the designation of particular documents as "Confidential Materials," they shall state such objection and the basis for their objection in writing to the defendants in a reasonably timely basis and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then defendants shall, in a reasonably timely basis after receiving plaintiffs' counsels' objections, move for an order approving such designation. Failure to so move shall constitute abandonment of any claim of confidentiality.

4.    Plaintiffs' attorneys shall not disclose the Confidential Materials for any purpose other than for the preparation or presentation of the case entitled Adam Ingles, et al. v. Elmer Toro, et al., 01 Civ. 8279 (DC) ("this action").

5.    Plaintiffs' attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office or employed by plaintiffs for administrative purposes (i.e.

copying) and the Confidential Materials shall be deemed "for attorneys eyes only" except under the following conditions:

(a) Disclosure may be made only if necessary to the preparation or presentation of their case in this action; and

(b) Disclosure before trial may be made to an expert who has been retained or specially employed by plaintiffs' counsel in this action in anticipation of litigation or preparation for this action, or to the Court. Confidential Materials regarding a particular use of force incident may be disclosed to an individual who was involved in, or witnessed, that particular incident. If this information is disclosed to such an individual, any Confidential Information not related to that particular use of force should be redacted or withheld from the individual to whom disclosure is being made. Under no circumstance shall any Confidential Materials, or copies thereof, be left in the custody of any prisoner. The home addresses, telephone numbers, dates or birth, and social security numbers of DOC employees shall not be disclosed to any plaintiff; and

(c) In the event a conflict arises between the parties as to whether plaintiffs' counsel may show the Confidential Materials to a potential deponent, or other person described in subsection (b) hereof, plaintiffs' counsel agree not to do so until such time that the parties can obtain a ruling from the Court in this regard; and

(d) Before any disclosure is made to any person listed in subparagraph (b) above (other than to the Court or plaintiffs), plaintiffs' attorneys shall

provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiffs' attorneys.

6.    Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall at defendants request to the reporter, be either redacted or separately bound, with a cover page or redaction prominently marked "**CONFIDENTIAL**." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

7.    If any party intends to file the Confidential Materials with the Court, in conjunction with a motion for summary judgment or otherwise, or intends to utilize any of the Confidential Materials at trial, the party seeking to do so must first present the Confidential Materials to the Court for a ruling on whether the Confidential Materials shall be filed under seal.

8.    If the Court determines that the Confidential Materials shall be filed under seal, the Confidential Materials shall be placed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all

times be maintained separate and apart from the publicly available files of
this case.

9.    Nothing in this Stipulation and Protective Order shall be construed to limit
defendants' objection to, or use of, the Confidential Materials in any manner.

10.    Nothing in this Stipulation and Protective Order shall be construed to limit
plaintiffs' objections to: (1) defendants' future designation of Confidential Material; or (2) defendants'
objections to, or use of, the Confidential Materials.

11.    Within thirty (30) days after the termination of this case, including any appeals,
the Confidential Materials, including all copies, and all nonconforming copies, shall, upon defendants'
request, be returned to defendants' attorneys or destroyed.

Dated:     New York, New York
           June 11, 2003

SO ORDERED:

HONORABLE DENNY CHIN
UNITED STATES DISTRICT JUDGE

-7-