EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO
ALISON FRICK
DAVID LEBOWITZ
HAYLEY HOROWITZ
DOUGLAS E. LIEB
ALANNA SMALL
JESSICA CLARKE

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK  10020

TELEPHONE
(212) 763-5000
FACSIMILE
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
DIANE L. HOUK

May 26, 2016

*Via ECF*

The Honorable James C. Francis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Guadalupe v. City of New York et al.*, 15-CV-220 (CM) (JCF)

Dear Judge Francis:

As counsel to Plaintiff Jose Guadalupe, along with the Legal Aid Society Prisoners' Rights Project, we request a pre-motion conference in anticipation of our motion to compel the City to respond to Plaintiff's Second Set of Requests for Admission, dated April 4, 2016 (the "Second RFAs").[1]  The parties conferred in good faith by telephone on May 25 but could not resolve their differences.

Mr. Guadalupe alleges that he was beaten and injured pursuant to the City's policy of condoning and encouraging staff-on-inmate violence at Rikers Island.  The Second RFAs request that the City admit the authenticity, accuracy, and continued applicability of public statements made by Mayor Bill de Blasio and Department of Correction (DOC) Commissioner Joseph Ponte regarding the pervasive and longstanding culture of excessive use of force by staff at Rikers Island and the need for systemic reform.

Confronted with specific requests to affirm that its own leaders accurately characterized its own policies and practices—including in sworn testimony to the City Council—the City refused to answer.  It admitted nothing, refusing even to admit that transcribed statements were, in fact, made.  Instead, the City repeated a boilerplate objection 135 times.  In

---

[1] The Requests, Exhibits A-P thereto, and the City's Responses and Objections thereto are annexed as exhibits to this letter.  Plaintiff mistakenly labeled his Requests as the "First" Set of Requests for Admission to Defendant City of New York, when they are in fact the Second Set.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

the parties' meet-and-confer, however, the City indicated that it was willing to stipulate to the authenticity of the written records of the statements in question.  In light of its new position, the City should be required to promptly amend its responses to admit that the statements were made.

More important, the City should be required to answer Mr. Guadalupe's requests to admit that the substance of these statements was true.  Federal Rule of Civil Procedure 36 allows Mr. Guadalupe to serve written requests upon the City to admit any factual matter or opinion that is within the proper scope of discovery.  *See* Fed. R. Civ. P. 36(a)(1).  Requests for admission are intended to narrow the scope of factual disputes and limit expense by avoiding the need to establish facts through lengthier and costlier procedures, such as depositions and examinations at trial.  *See T-Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42-43 (S.D.N.Y. 1997).

The Second RFAs serve the purposes of the Rule and comply with its formal requirements.  *See* Fed. R. Civ. P. 36(a)(1), (2).  The City's highest officials have chosen to make numerous public statements, including many under oath, about a "culture of violence," growing staff-on-inmate violence, inadequate staff training, and lack of accountability at Rikers Island.  *See, e.g.*, Requests #3, 11, 15, 21, 47, 53, 86, 84, 99, 107, 117.  Commissioner Ponte has specifically discussed City policy regarding the use of force against an inmate restrained in a cell, as Mr. Guadalupe was when he was beaten.  *See* Request #44.  These statements are admissible against the City at trial because the Mayor and the Commissioner may speak on the City's behalf about City corrections policy.  *See* Fed. R. Evid. 801(d)(2)(C).  At trial, Mr. Guadalupe would seek to prove that these statements about correctional officers' widespread use of force against inmates were accurate as of the time they were made and as of the time Mr. Guadalupe was beaten, such that the City is liable for its officers' use of force under *Monell*.

Rather than have Plaintiff depose high-level DOC officials and put them on the stand at trial to prove these issues, it would be far more efficient for the City to simply admit that what the Mayor and the Commissioner told the public was true.  Such admissions would significantly narrow the disputed issues between the parties.  For instance, admissions would eliminate the need to adduce further proof that a "culture of violence" existed at Rikers; that correction officers were not adequately trained to de-escalate conflicts with mentally ill inmates; that staff used "headshots" too frequently; and that the City was long aware of each of these issues, among others, but failed to correct them by the time Mr. Guadalupe was beaten.

Yet, in response to each and every RFA, the City simply repeated the same boilerplate objection: "Defendants object to this request on the grounds that it contains vague and ambiguous wording that does not allow defendant to fairly admit or deny, cites brief excerpts of the lengthy transcript out of context, to the extent the request contains half of a fact or half-truths which require defendants to qualify their responses, improperly seeks to have defendants interpret a document, and that the transcript cited in this request speaks for itself."

These scattershot objections are wrong.  Requests to admit the truth of particular assertions made on particular dates "are not vague because [they] describe, with sufficient particularity, what admission is sought."  *Freydl v. Meringolo*, No. 09-CV-7196, 2011 WL 2566079, at *2 (S.D.N.Y. June 16, 2011).  Plaintiff is unaware of any authority supporting the notion that "out of context" is a proper objection.  *Cf. Bey v. City of New York*, No. 99-CV-3873,

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 3

2009 WL 2060076, at *3 (with respect to Local Rule 56.1 statement, party "need not include a description of every assertion contained in the documents" described and need only "accurately depict[] the portion of the document" in question).  Regardless, Plaintiff has taken pains to provide appropriate context by quoting surrounding sentences, *see, e.g.*, Requests #8, 11, 21, 24, 47, and by accurately describing questions when seeking admissions regarding answers to those questions, *see, e.g.*, Requests # 42, 44.  And it is entirely proper to request admissions concerning the content of documents.  *See Pasternak v. Dow Kim*, No. 10-CV-5045, 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011).  Mr. Guadalupe may seek admission of "the truth of any matters within the scope of Rule 26(b)(1)," and it is plainly within the scope of Rule 26(b)(1) to have parties interpret documents or discuss their prior statements, as occurs all the time in depositions.  Fed. R. Civ. P. 36(a)(1).

To the extent the City believes certain requests may require qualified responses because Mayor de Blasio or Commissioner Ponte used ambiguous language, it must admit or deny any portions of the requests that it can fairly admit or deny and, if necessary, qualify its answers to those particular requests.  *See* Fed. R. Civ. P. 36(a)(4).  The Rule contemplates that a party will provide any necessary clarification by answering the requests and qualifying its answers in good faith, not merely by objecting.  *See id.*

The Court should also reject any suggestion that the Second RFAs are somehow improper or unduly burdensome because they are long and detailed.  *See Pasternak*, 2011 WL 4552389, at *5 (rejecting burdensomeness argument because it "is entirely appropriate" that RFAs are extensive and cover a significant range of issues, and "[i]t is often typical" that RFAs "set forth 'in sometimes excruciating detail, the facts, events or communications to which admission is sought'" (quoting *Diederich v. Dep't of the Army*, 132 F.R.D. 614, 616 (S.D.N.Y. 1990)).  Moreover, responding to the Second RFAs poses less of a burden on the City than having its high-level staff be deposed and testify at trial.

Finally, Plaintiff is concerned that the City is attempting to delay providing a meaningful answer to the Second RFAs and respectfully requests that the Court order a speedy response.  *See* Fed. R. Civ. P. 36(a)(3).  The City took the maximum 30 days to prepare a response that consisted largely of pressing "copy and paste" 135 times.  The City then failed to participate in a scheduled meet-and-confer on May 23 without advance notice or explanation.  Discovery in this matter closes in less than four months, and the City's eventual answers will affect which high-level witnesses Mr. Guadalupe seeks to depose.  The City should not be permitted to gain a strategic advantage by stringing Plaintiff along with a deficient response requiring the Court's intervention.

Respectfully,

/s/

Douglas E. Lieb

Encls.

c.        All counsel of record (via ECF)