RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO
ALISON FRICK
DAVID LEBOWITZ
HAYLEY HOROWITZ
DOUGLAS E. LIEB
ALANNA SMALL
JESSICA CLARKE

# EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE
(212) 763-5000
FACSIMILE
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
DIANE L. HOUK

June 3, 2016

*Via ECF*

The Honorable James C. Francis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Guadalupe v. City of New York et al.*, 15-CV-220 (CM) (JCF)

Dear Judge Francis:

      As counsel to Plaintiff Jose Guadalupe, along with the Legal Aid Society Prisoners' Rights Project, we reply to the City's letter opposing our request for a pre-motion conference concerning our motion to compel the City to respond to Plaintiff's Second Set of Requests for Admission.

      Cases suggesting that RFAs cannot ask a party to interpret a document are contrary to the text of Federal Rule of Civil Procedure 36 and are outliers. The Rule permits RFAs regarding any "facts," or any "opinions about" facts, that are within the scope of discoverable material. Fed. R. Civ. P. 36(a)(1)(A). It is plainly within the scope of discovery to ask a party whether its prior statements were accurate and remain accurate.[1] The weight of authority—especially more recent authority than that cited by the City—permits RFAs concerning the content of documents. *See, e.g.*, *Sigmund v. Starwood Urban Retail VI, LLC*, 236 F.R.D. 43, 46 (D.D.C. 2006); *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 79-80 (N.D.N.Y. 2003); *Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80-81 (W.D.N.Y. 2000); *Diederich v. Dep't of the Army*, 132 F.R.D. 614, 617 (S.D.N.Y. 1990) ("[O]bjections that documents or regulations 'speak for themselves' are also improper."); *see also Langer v.*

---

[1] As an evidentiary matter, Mayor de Blasio and Commissioner Ponte's statements about the City's policy and practice toward the use of excessive force at Rikers Island *are* the City's statements. *See* Fed. R. Evid. 801(d)(2)(C), (D).

*Monarch Life Ins. Co.*, 966 F.2d 786, 805-06 (3d Cir. 1992) (discussing party's responses to RFAs interpreting contractual terms).

Furthermore, the Second RFAs only call for the "interpretation of documents" in a formalistic sense. The core of the Second RFAs concerns whether the City's public *representations* were accurate at the time they were made and remained accurate as of the time of Mr. Guadalupe's beating. Because those representations have been memorialized in writing, the City is technically being asked to discuss documents. In reality, however, the City is being asked to discuss the substantive accuracy of its representations. The documents are simply the means by which its representations are preserved.

The City's belief that RFAs should wait until the close of discovery lacks legal support. Nothing in the Rule imposes any such limitation on timing. *See* Fed. R. Civ. P. 36. RFAs are intended to narrow the scope of factual disputes and limit expense by avoiding the need to establish facts through lengthier and costlier procedures, such as depositions and examinations at trial. *See T-Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42-43 (S.D.N.Y. 1997); Fed. R. Civ. P. 36 advisory cmte. notes ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case . . . ."). The Second RFAs serve this purpose by giving the City the opportunity to confirm the accuracy of its highest officials' public representations, rather than have Plaintiff depose and question high-level DOC officials and Rule 30(b)(6) witnesses about them.

Respectfully,

/s/

Douglas E. Lieb

c. All counsel of record (via ECF)