UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE GUADALUPE,

     Plaintiff,

 -against-

CITY OF NEW YORK et al.,

     Defendants.

15-CV-220 (CM) (JCF)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL SUBPOENA RESPONSE FROM THE DISTRICT ATTORNEY**

Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020

The Legal Aid Society
199 Water Street, 6th Floor
New York, NY 10038

Plaintiff Jose Guadalupe submits this memorandum of law and the accompanying Declaration of Douglas E. Lieb, dated August 22, 2016, in support of his motion, pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), to compel the Bronx County District Attorney's Office (the "Bronx DA") to produce the closed investigation file concerning Defendants' use of force against Mr. Guadalupe on September 2, 2014.

## PRELIMINARY STATEMENT

On September 2, 2014, correction officers brutally beat Mr. Guadalupe for disrespecting them while he was handcuffed on the floor of his cell on Rikers Island. Several correction officers punched and kicked Mr. Guadalupe, causing a permanent traumatic brain injury. The Bronx DA conducted an investigation, during which this case was stayed for several months. The investigation into this incident by the Department of Correction (DOC) Investigation Division (ID) was also stayed while the Bronx DA investigated. Several Defendants have testified that they were interviewed by the Bronx DA. The Bronx DA completed the investigation in September 2015 and declined to seek indictments against any of the officers involved.

The Bronx DA's investigation was seeking to answer fundamentally the same question Plaintiff seeks to answer here: Did the officers use excessive force in beating Mr. Guadalupe? Given the plain relevance of the Bronx DA's files, especially in light of several Defendants' testimony that they were interviewed by the Bronx DA, Plaintiff subpoenaed the Bronx DA's investigation records on June 14, 2016. *See* Ex. A[1] (Plaintiff's subpoena for "[a]ll District Attorney investigation records and files concerning a use of force incident at the George R. Vierno Center on September 2, 2014 involving inmate Jose Guadalupe, CO Jeffrey McDuffie

---

[1] Exhibit attached to the Declaration of Douglas E. Lieb, dated August 22, 2016.

(#7246), CO Durrell Smalls (#12052), CO Delron Dawkins (#7198), and/or CO Joseph DeLeon (#14993)").

The Bronx DA has not produced a single record to date nor provided written objections. In telephone conversations with Plaintiff's counsel, the Bronx DA claims it will produce certain documents—without providing a firm timeline for such long overdue production—and objects to Plaintiff's subpoena to the extent it seeks any attorney notes or other work product. These objections have no merit and should be overruled.

**ARGUMENT**

Plaintiff seeks a Court order compelling the Bronx DA to produce the "[a]ll District Attorney investigation records and files concerning a use of force incident at the George R. Vierno Center on September 2, 2014 involving inmate Jose Guadalupe, CO Jeffrey McDuffie (#7246), CO Durrell Smalls (#12052), CO Delron Dawkins (#7198), and/or CO Joseph DeLeon (#14993).as sought in Plaintiff's subpoena. Ex. A. The Bronx DA objects principally on the basis that certain documents sought are protected by the work product privilege. Courts have consistently rejected this objection in similar contexts, and the same result should apply here. To the extent the Bronx DA may interpose any objection based upon sealing of records, that objection is similarly lacking in merit.

**I.  THERE IS NO WORK PRODUCT PROTECTION AGAINST A THIRD PARTY**

To the extent the Bronx DA claims that notes in the investigative file are protected as work product, they are wrong.

"Not surprisingly, this issue has arisen before in civil cases that, like this one, flow from criminal prosecutions. And courts have consistently held that the privilege is unavailable when a prosecutor in a prior criminal investigation later objects to discovery of her

2

work product by a litigant in a related civil lawsuit." *Abdell v. City of New York*, 2006 WL 2664313, at *3 (S.D.N.Y. Sept. 14, 2006) (Francis, M.J.) (alteration and internal quotation marks omitted). It is well established that "[d]ocuments subject to the work product privilege of a non-party in the proceeding against [the criminal defendant] are not work product in this action." *Lyles v. City of New York*, No. 09-CV-8952009 WL 4276969, at *1 (S.D.N.Y. Nov. 30, 2009) (citing *Polycast Tech. Corp. v. Uniroyal, Inc.*, No. 87–CV–3297, 1990 WL 138968, at *1-2 (S.D.N.Y. Sept. 20, 1990)).

Federal Rule of Civil Procedure 26(b)(3) is inapplicable because the Bronx DA is not a party to this action. *Polycast*, 1990 WL 138968, at *2; *see also Abdell v. City of New York*, 05-CV-8453 KMK JCF, 2006 WL 2664313 (S.D.N.Y. Sept. 14, 2006); 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2024, at 354 ("Documents prepared for one who is not a party to the present suit are wholly unprotected by Rule 26(b)(3) even though the person may be a party to a closely related lawsuit in which he will be disadvantaged . . . ."). "[C]ourts . . . have consistently held that the privilege is unavailable when a prosecutor in a prior criminal investigation later objects to discovery of her work product by a litigant in a related civil lawsuit." *Abdell*, 2006 WL 2664313, at *3 (citing cases; internal quotation marks omitted); *Hernandez v. Longini*, 96 C 6203, 1997 WL 754041, at *2 (N.D. Ill. Nov. 13, 1997) (there is no "authority holding that a public prosecutor—having completed his investigation and having announced ... that no further action would be taken by him—is entitled to rely upon the work product doctrine when the fruits of his investigation become relevant to civil litigation to which he is not a party" (internal quotation marks omitted)).

The broader work product doctrine articulated in *Hickman v. Taylor*, 329 U.S. 495 (1947) is also inapplicable here. There is no risk of altering attorney behavior. *See Abdell*, 2006

WL 2664313, at *4-5. Prosecutors in New York are required to disclose their notes of statements made by witnesses to the defendant in all events, and are required to disclose other factual notes to the extent they contain information favorable to the accused. *See id.* Requiring the Bronx DA to turn over attorneys' written memorializations of facts in the investigative file would have no chilling effect. There are no concerns about attorney freeloading here, where Plaintiff follows a criminal investigation with a civil case. *See id.* at *5. And, because the Bronx DA has closed the underlying criminal case, "there are no concerns with interfering with an ongoing criminal investigation." *Ostrowski v. Holem*, 02 C 50281, 2002 WL 31956039, at *4 (N.D. Ill. Jan. 21, 2002); *see also Hernandez*, 1997 WL 754041, at *2 (noting that the danger of "a less diligent attorney raiding the file of a previously diligent attorney, is not present where the prior case was criminal and the subsequent civil" (internal quotation marks omitted)).

In any event, the Bronx DA has waived any claim of privilege by failing to timely produce a "privilege log as required under Fed. R. Civ. P. 45(d)(2)." *In re Application For Subpoena To Kroll*, 224 F.R.D. 326, 329 (E.D.N.Y. 2004). This Court has held that an "unjustified failure to list privileged documents on the required log of withheld documents in a timely and proper manner *operates as a waiver of any applicable privilege*." *See OneBeacon Ins. Co. v. Forman Int'l, Ltd.*, No. 04-CV-2271, 2006 WL 3771010, at *7-8 (S.D.N.Y. Dec. 15, 2006) (citing a litany of caselaw from within this Circuit so holding; emphasis added); *In re Application of Chevron Corp.*, 749 F. Supp. 2d 135, 140 (S.D.N.Y. 2010) ("the failure to file a privilege log as required by Local Civ. R. 26.2 and Fed. R. Civ. P. 26(b)(5) waived the [privilege] objections").

4

## II. SECTION 160.50 DOES NOT BAR PRODUCTION

To the extent the Bronx DA interposes any additional objection based on the sealing of records pursuant to New York Criminal Procedure Law § 160.50, such an objection would have no merit. As courts have widely held in these same circumstances, "state law has been rejected as a basis to block discovery in an action such as this one, where plaintiffs are asserting federal claims." *Lyles*, 2009 WL 4276969, at *1 (citing *Haus v. City of New York*, No. 03–CV–4915, 2006 WL 3375395, at *2 (S.D.N.Y. Nov. 17, 2006)); ; *see also* Fed. R. Evid. 501; *Fountain v. City of New York*, 2004 WL 941242, at *5-6 (S.D.N.Y. May 3, 2004); *Morrissey v. City of New York*, 171 F.R.D. 85, 92 (S.D.N.Y. 1997). For that reason, "[f]ederal courts commonly order production of documents sealed pursuant to Sections 160.50 or 160.55." *Crosby v. City of New York*, 269 F.R.D. 267, 275 (S.D.N.Y. 2010).

Moreover, the documents Mr. Guadalupe seeks are plainly relevant: Mr. Guadalupe's subpoena seeks documents concerning the investigation of Defendants' conduct during his beating on September 2, 2014. Whether Defendants' conduct was criminal—as the Bronx DA was investigating—is a materially similar question to whether their conduct constitutes excessive force and various intentional torts—as Plaintiff alleges here. It is therefore hard to imagine any documents that are part of the Bronx DA's investigation that would be irrelevant to this action.

## III. NO FURTHER DELAY IN PRODUCING RESPONSIVE DOCUMENTS SHOULD BE PERMITTED

As set forth in the Declaration of Douglas E. Lieb, the subpoena was served on the Bronx DA on June 14, 2016. After the response date specified in the subpoena came and went, Plaintiff's counsel called the Bronx DA's office to follow up. Plaintiff's counsel has spoken with Assistant District Attorney Charles Won on several occasions about the subpoenas.

ADA Won has explained that additional time is required to review the file and estimated that the Bronx DA would be prepared to produce responsive documents in early September—nearly three months after service of the subpoena. Discovery in this action closes on September 30, 2016. Mr. Guadalupe needs to obtain these materials in time to make decisions about any additional discovery that may be needed before the deadline. The Bronx DA should be compelled to produce all responsive materials no later than September 16, 2016.

## CONCLUSION

Mr. Guadalupe has a right to know what the Defendants told the Bronx DA in formal investigative interviews. There is no basis to withhold any responsive materials and no justification for further delay in producing them. The motion to compel should be granted.

Date: August 22, 2016
New York, New York

EMERY CELLI BRINCKERHOFF
& ABADY LLP

_____
Jonathan S. Abady
Debra L. Greenberger
Zoe Salzman
Douglas E. Lieb

600 Fifth Avenue, 10th Floor
New York, NY 10020
(212) 763-5000

THE LEGAL AID SOCIETY
Mary Lynne Werlwas
Jonathan S. Chasan

199 Water Street, 6th Floor
New York, NY 10038
(212) 577-3530

*Counsel for Plaintiff Jose Guadalupe*

6