```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/26/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

JOSE GUADALUPE,

    Plaintiff,

  -against-                                                15 Civ. 220 (CM)

THE CITY OF NEW YORK et al.,

    Defendants.

----------------------------------------x

## ORDER DIRECTING UNSEALING OF DOCUMENTS

McMahon, CJ:

    Simultaneously with the entry of this order, the court is releasing its decision on the parties' motions *in limine*.

    In working on those motions it came to the court's attention that the City had filed its papers under seal, while Plaintiff had filed redacted copies on the public docket. The City cannot use sealing as a short-cut to avoid filing redacted papers. The City has made absolutely no showing that it was necessary to file any papers under seal. In fact, now that I have reviewed the papers, the court sees no reason why any motion papers addressing *in limine* matters should be filed in redacted form. The only possible exception would be references to certain medical matters from Plaintiff's childhood. One aspect of the *in limine* motions concerns the admissibility of corrections officer disciplinary history, but the mention of that topic does not warrant sealing, and there is little if any detail in the parties' papers. And there is absolutely no information about actual discipline imposed, if any was, so the sort of information that ordinarily causes the City to try to maintain confidentiality in these circumstances is entirely lacking.

    The court is not filing its *in limine* decision under seal, because absolutely nothing in it should be sealed. In addition, I will be directing the Clerk of the Court to unseal all papers filed under seal in this matter by next Friday at 5 PM. If the Corporation Counsel wishes to substitute redacted copies of any material submitted by them, it should identify what it wishes to redact no later than 5 PM on Tuesday. The same deadline applies if Plaintiff wishes to keep any material redacted. The court will rule by Friday on whether any of the material in the briefs and moving papers can remain redacted. By next Friday's deadline the parties must substitute unredacted copies of their papers on the public record unless the redactions are specifically authorized by the court.

The parties are reminded that, as a condition of signing a Confidentiality Stipulation, this case, the parties agreed that the court would be the final arbiter of whether material could remain outside the public record. They are also reminded that I take a dim view of keeping material out of the public record -- especially in a constitutional tort case like this one.

Dated:   New York, New York
         January 26, 2018

                                              _____
                                                           Chief Judge

BY ECF TO ALL COUNSEL